UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAU DAVIS ATUATASI,<br><br>                              Petitioner,<br><br>v.<br><br>WARREN MONTGOMERY, Warden, et al.,<br><br>                              Respondents. | Case No.:  22cv1469-JO (NLS)<br><br>**REPORT AND RECOMMENDATION:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS;**<br><br>**(2) STRIKING PLAINTIFF'S AMENDED COMPLAINT; and**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR STAY AND ABEYANCE**<br><br>**[ECF Nos. 7, 8]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Pending before the Court is Respondent's motion to dismiss (ECF No. 7), and Petitioner's motion for stay and abeyance (ECF No. 8).  Petitioner filed an opposition to the motion to dismiss, and on the same day, filed an amended petition.  ECF Nos. 10, 11.  After due consideration and for the reasons discussed below, the Court **RECOMMENDS** that

Respondents' motion to dismiss be **GRANTED**, the amended complaint be **STRICKEN**, and Petitioner's motion for stay and abeyance be **DENIED**.

## I. BACKGROUND

On September 26, 2022, Petitioner filed a writ of habeas corpus. In the petition, he claims that "[t]his federal petition does not challenge Petitioner's criminal conviction. This federal petition presents a federal question to the court regarding whether the Cal. Const. Art I Sec 32(a)(1)(A) creates a liberty interest triggering due process protections." *Id.* at 5. Proposition 57, approved on November 8, 2016 and effective November 9, 2016, amended § 32 of Article 1 of the California Constitution to state that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. I, § 32(a)(1).

Petitioner was convicted under California Penal Code § 245(a)(2) for assault with a firearm and under § 245(b) for assault with a semiautomatic firearm, with an enhancement under § 12022.5(a) for personal use of a firearm. ECF No. 1 at 2. During sentencing, Petitioner was also found to have been previously convicted of a prior serious felony strike under California Penal Code § 422. ECF No. 1-3 at 9. Petitioner was sentenced to a term of 36 years and 4 months. *Id.*

Petitioner claims that on two separate occasions, on February 27, 2019 and March 25, 2019, he sought parole consideration under Proposition 57, but was denied because he did not qualify since his offenses were not nonviolent. *Id.* at 10. Petitioner appealed this determination through the California Department of Corrections and Rehabilitation's (CDCR) appeals process, but was denied relief. *Id.*

Petitioner then filed a state writ of habeas corpus petition that was denied by the trial court. *Id.* at 11. In the denial, the trial court rejected Petitioner's argument that his primary offense under § 245(b) was nonviolent because the § 12022.5 enhancement qualifies as a violent felony, as defined under § 667.5(c). ECF No. 1-11 at 2-3. Petitioner appealed this decision, arguing that Proposition 57 requires the exclusion of the

firearm enhancement for the purposes of determining whether the primary offense was violent. ECF No. 1 at 11. The court of appeals also denied his writ on appeal. ECF No. 1 at 11. First, the court explained that the definition of a violent felony is outlined in § 667.5, which includes firearm enhancements, such as under § 12022.5 that Petitioner was convicted of. ECF No. 1-13 at 3-4. The court also explained Petitioner's apparent confusion—§ 32 does state that, for the purposes of determining *when* an inmate who has a nonviolent felony offense may be eligible for parole consideration, terms that were added on for enhancements must be excluded in that calculation. *Id.* at 4; *see* Cal. Const. art. I, § 32 (a)(1)(A). However, this "exclusion" does not have anything to do with the determination of *who* is eligible under Proposition 57 and nothing in this section requires exclusion of enhancements for this determination. ECF No. 1-13 at 4. Finally, Petitioner filed for review with the California Supreme Court but was summarily denied on September 22, 2021. ECF No. 1-14.

## II. MOTION TO DISMISS

The first motion pending before the Court is Respondents' motion to dismiss. ECF No. 7. Respondents argue that the petition must be dismissed because it raises only state law issues that are not cognizable on federal habeas review, and because it challenges parole eligibility which does not necessarily result in speedier release from prison, which is also not cognizable on federal habeas review. The Court agrees that Petitioner's petition is not cognizable on federal habeas relief on several grounds.

<u>First</u>, federal habeas relief only lies where a prisoner's challenge is on the "legality of [his] custody" and he is seeking to "secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, where a claim "would not necessarily lead to [the prisoner's] immediate or earlier release from confinement," it cannot be brought in a habeas corpus petition. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). This is because that even if a prisoner was found to be eligible under Proposition 57, that "does not necessarily make petitioner eligible for an earlier release from prison" since the parole board would still need to consider "all relevant, reliable information" to

determine "suitability for parole." *Id.* at 934-45. Thus, if a claim was viable at all, it would have to be brought under § 1983. *Id.*

Based on these established principles, many courts in this circuit have consistently held that the possibility of parole under Proposition 57 does not state a legitimate habeas corpus claim. *Bowers v. Sullivan*, No. 219CV10991ABSP, 2022 WL 2374639, at *5 (C.D. Cal. Mar. 16, 2022), report and recommendation adopted, No. 219CV10991ABSP, 2022 WL 2357291 (C.D. Cal. June 30, 2022) (petitioner's habeas petition seeking reclassification of his carjacking conviction and firearm enhancement as nonviolent for Proposition 57 purposes does not "fall within the core of habeas corpus because the remedy would not necessarily result in an earlier or immediate release"); *Morgan v. Gastelo*, No. CV 20-3538 JAK (MRW), 2020 WL 7051089, at *1 (C.D. Cal. Oct. 15, 2020), report and recommendation adopted, No. CV 20-3538 JAK (MRW), 2020 WL 7186738 (C.D. Cal. Dec. 3, 2020) (claim for classification of robbery offense as nonviolent is not legitimate habeas claim); *Gleghorn v. Gastelo*, No. CV 20-5942-CJC (PLA), 2020 WL 3833600, at *4 (C.D. Cal. July 7, 2020) (same); *Medlock v. Lozono*, No. 2:19-CV-04228-GW-JDE, 2020 WL 2095806, at *12 (C.D. Cal. Jan. 22, 2020), report and recommendation adopted, No. 219CV04228GWJDE, 2021 WL 683174 (C.D. Cal. Feb. 19, 2021) (same); *Blanco v. Asuncion*, No. 18CV2005-JLS(KSC), 2019 WL 2144452, at *2 (S.D. Cal. May 16, 2019), report and recommendation adopted sub nom. *Blanco v. Diaz*, No. 18-CV-2005 JLS (KSC), 2019 WL 3562215 (S.D. Cal. Aug. 6, 2019) (same); *Alexander v. Gastelo*, No. SACV1800788JFWSHK, 2019 WL 1104616, at *2 (C.D. Cal. Jan. 29, 2019), report and recommendation adopted, No. 818CV00788JFWSHK, 2019 WL 1099980 (C.D. Cal. Mar. 8, 2019) (same).

Thus, for identical reasons here, Petitioner's claim cannot be brought on federal habeas review. Petitioner appears to even acknowledge the same in his petition—stating that courts have never determined whether there is a liberty interest created under § 32(a)(1) and thus, prior cases have been brought under § 1983. However, Petitioner fails to give any argument as to why this Court should treat his claim any differently from

the many other district courts cited above that have declined to treat claims under Proposition 57 as cognizable under habeas relief. The Court cannot do so here either.

<u>Second</u>, even if such a claim was cognizable under federal habeas, Petitioner's claim fails for other reasons. Ultimately, Petitioner's claim is that he should be eligible for relief under Proposition 57 because his offense should not be considered violent and his firearm enhancement should be ignored. Although petitioner alleges a due process violation, he may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). It is well established, and Petitioner even recognizes, that federal habeas corpus cannot lie for an error of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see* 28 U.S.C. § 2254 (a) (habeas relief can be brought "only on the ground that [prisoner] is in custody in violation of the Constitution or laws or treaties of the United States"). Thus, Petitioner's argument, to the extent it is that the state court misapplied § 32 or any of the sections of the California Penal Code to determine that he was ineligible under Proposition 57, would lie in state law and is not a federal claim. *Wilson v. Biter*, No. 1:18-CV-00841-SKO, 2018 WL 3197815, at *2 (E.D. Cal. June 26, 2018) ("Petitioner's claim is not cognizable under federal habeas review because Petitioner is only asserting a violation or misinterpretation of state law and Section 2254 provides a remedy only for the violation of the Constitution or laws or treaties of the United States.").

<u>Third</u>, even construed as a claim arising under the Due Process Clause, Petitioner's claim still fails because he has not established that he has a liberty interest that has been created by § 32(a)(1). To the contrary, district courts within this Circuit that have considered this issue have generally declined to find such a liberty interest in parole eligibility under Proposition 57. *See Bowers v. Sullivan*, No. 219CV10991ABSP, 2022 WL 2374639, at *3 (C.D. Cal. Mar. 16, 2022), report and recommendation adopted, No. 219CV10991ABSP, 2022 WL 2357291 (C.D. Cal. June 30, 2022) ("The Ninth Circuit has not decided whether Proposition 57 creates a liberty interest in good time credits or parole eligibility, and district courts that have addressed this issue have expressed doubt

that Proposition 57 creates such a liberty interest."); *Rodriguez v. Anderson*, No. EDCV181181AGAGR, 2019 WL 6194993, at *5 (C.D. Cal. Aug. 5, 2019), report and recommendation adopted sub nom. Luis Rodriguez v. Anderson, No. EDCV181181AGAGR, 2019 WL 6170732 (C.D. Cal. Nov. 18, 2019) (finding "doubtful" that petitioner can show liberty interest in being considered for parole under Proposition 57); *Jones v. California State Superior Cts.*, No. 117CV00232LJOBAMPC, 2018 WL 2287952, at *5 (E.D. Cal. May 18, 2018) ("The court is not convinced that there is mandatory language in Proposition 57 creating a constitutionally protected liberty interest in parole eligibility."); *Daniels v. California Dep't of Corr. & Rehab.*, No. 117CV01510AWIBAM, 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018) (holding same); *cf. Hunter v. California Dep't of Corr. & Rehab.*, No. 219CV01588WBSCKDP, 2020 WL 4209658, at *2 (E.D. Cal. Mar. 27, 2020), report and recommendation adopted, No. 219CV01588WBSCKD, 2020 WL 4207983 (E.D. Cal. July 22, 2020) (declining to find liberty interest in good time credits under Proposition 57).  The Court is persuaded by the weight of authority that there is no cognizable liberty interest in parole created by Proposition 57.

      At least one district court did find that "arguable" that the "shall" language in Proposition 57 may have created a liberty interest, but the court still dismissed the claim. *Stephens v. Kunz*, No. CV 19-1008-AB (KS), 2019 WL 6649021, at *4 (C.D. Cal. Sept. 18, 2019), report and recommendation adopted, No. CV 19-1008-AB (KS), 2019 WL 6700938 (C.D. Cal. Dec. 6, 2019).  The *Stephen*s court did not ultimately make the determination as to whether a liberty interest exists, but held that regardless, the prisoner could not show that he was denied constitutionally required procedures. *Id.*  In the context of parole, all that is required to be constitutionally sufficient is if the prisoner is provided with an opportunity to be heard and a statement of why parole was denied. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  Nothing in the petition suggests that Petitioner was not given the opportunity to be heard or was denied an explanation of the reasons for the denial.  Rather, Petitioner's disagreement appears to be with the

substantive decision. Thus, even under a due process argument, the Court finds that petitioner has failed to show that his rights were violated.

The Court notes that along with Petitioner's opposition to the motion to dismiss, he also filed an amended complaint. ECF No. 11. The Court has reviewed the amended petition and finds that the deficiencies outlined above are not cured in the amended complaint. Accordingly, for all the reasons above, the Court **RECOMMENDS** that Respondents' motion to dismiss be **GRANTED**. The Court also **RECOMMENDS** that the amended complaint be **STRICKEN** from the docket.

### III. MOTION FOR STAY AND ABEYANCE

Also pending before the Court is Petitioner's motion for stay and abeyance. ECF No. 8. In the motion, petitioner asks the Court to stay the instant proceedings while his collateral review habeas is still pending in front of the California Supreme Court. *Id.* Petitioner states that his collateral review state habeas is "based on testimonial double hearsay in violation of the Confrontation Clause." *Id.* at 3.

A petitioner generally has two methods available to request a stay. The first is a *Rhines* stay, as enunciated in *Rhines v. Weber*, 544 U.S. 269 (2005). This "stay and abeyance" procedure applies to mixed petitions, that is, petitions which contain both exhausted and unexhausted claims. Under this procedure, Petitioner must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Id.* at 277-78.

The second is a *King/Kelly* stay. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Under this "withdrawal and abeyance" procedure, a petitioner withdraws any unexhausted claims he may have and asks the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while they return to state court to exhaust the unexhausted claims they wish to bring. *King*, 564 F.3d at 1141-42. After exhaustion, the petitioner must seek permission to amend the

petition to include the newly exhausted claims after exhaustion is complete. *Id*. Under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, but the newly exhausted claims must be either timely under the statute of limitations or "relate back" to timely claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *Id*. at 1142-43 (quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005)).

Though in his motion, Petitioner cites to *Rhines* and argues that his unexhausted claims are not "plainly meritless" and that he has good cause in requesting for a stay, the *Rhines* stay and abeyance is not applicable to a petition with only exhausted claims—as Petitioner has here. *Patton v. Beard*, No. 14cv0569–BEN (BLM), 2015 WL 1812811, at *6 (S.D. Cal. April 20, 2015) (finding the *Rhines* stay procedure inapplicable to fully-exhausted petition because the petition was not mixed and construing the petitioner's request for a *Rhines* stay as a request for a *Kelly* stay); *see King*, 564 F.3d at 1140 ("'(t)he two approaches are distinct: *Rhines* applies to stays of *mixed* petitions, whereas the three-step procedure applies to stays of *fully exhausted* petitions.'") (quoting *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005)). Petitioner has not sought to amend his petition to add in the purportedly unexhausted claims. Thus, Petitioner may only ask for a stay under *King/Kelly* at this juncture.

Because the Court recommends dismissing the only claim in this current petition, there is no viable claim in the petition and the stay is not warranted here at this time.[1] *See Sepulveda v. McEwen*, No. CV 11-7680-MMM MLG, 2011 WL 6937374, at *1 (C.D. Cal. Dec. 6, 2011), report and recommendation adopted, No. CV 11-7680-MMM MLG, 2011 WL 6937372 (C.D. Cal. Dec. 30, 2011) (dismissing petition and declining to issue

---

[1] Even if the Court were to permit Petitioner leave to amend his complaint to add in his unexhausted claims, his new amended petition would only have unexhausted claims and the Ninth Circuit has declined to extend *Rhines* to that situation. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the stay and abeyance procedure to "situations where the original habeas petition contained only unexhausted claims").

stay under *King/Kelly* because no claims remained in petition). Thus, the Court **RECOMMENDS** that Petitioner's motion for stay and abeyance be **DENIED**.

### IV. CONCLUSION

As outlined herein, the undersigned **RECOMMENDS** Respondents' motion to dismiss be **GRANTED**, the amended complaint be **STRICKEN**, and Petitioner's motion for stay and abeyance be **DENIED**. This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **June 16, 2023**, any party to this action may file written objections and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed and served on all parties no later than **June 30, 2023**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: May 25, 2023

Hon. Nita L. Stormes
United States Magistrate Judge